USDC
DOCU
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/6/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERROLL O. BAILEY-THOMAS,

                          Plaintiff,

– against –

U.S. SECURITY ASSOCIATES, INC., U.S. SECURITY ASSOCIATES AVIATION SERVICES, INC., BILL BUBENJECK, MARIA RIVERA, and BILL FLORES,

                          Defendants.

**OPINION AND ORDER**

16 Civ. 3560 (ER)

Ramos, D.J.:

The parties have filed an application for the Court to approve their agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and to dismiss the case with prejudice (the "Agreement"). (Doc. 19) The settlement is for $12,000 total. Agreement at § 3(a). Though the Agreement is silent as to how the funds will be distributed, the parties' accompanying letter provides a breakdown of how that amount will be distributed as between Plaintiff and his counsel. (Doc. 19, Ex. B).

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). The Court will not approve the Agreement because, for various reasons, it is not "fair and reasonable" as currently drafted.

First, as currently drafted, the Agreement does not specify the dollar amount to which Plaintiff is entitled. The Agreement states that the "Parties agree the Settlement Payment shall be the gross total sum of [$12,000] . . . to be paid in one (1) payment by check made payable to the order of 'AKIN LAW GROUP PLLC.'" Agreement at § 3(a). However, it does not indicate how much of that amount will be payable to Plaintiff and his counsel. *Scherzer v. LVEB, LLC*, No. 13 Civ. 5890 (JS), 2015 WL 7281651, at *1 (E.D.N.Y. Nov. 16, 2015) (directing parties to resubmit revised settlement agreement that "states the specific sum of the settlement amount that constitutes attorney's fees").

Second, the Agreement purports to forever bar Plaintiff from working in or applying for a position with Defendants. Agreement at § 7. This is a "highly restrictive provision in 'strong tension with the remedial purposes'" of the FLSA. *Reyes v. HIP at Murray St., LLC*, No. 15 Civ. 238 (LGS) (unpublished order) (quoting *Cheeks*, 796 F.3d at 200). The Court will not approve an agreement with such a provision.

Lastly, the Court notes that the Agreement contains a "Non-Disparagement" with the appropriate "carve out" allowing Plaintiff to make truthful statements concerning his experience litigating the matter. *See Martinez*, 2016 WL 206474, at *1 ("[I]f the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case.") However, the Agreement also includes a provision requiring Plaintiff to "direct all inquiries by third-parties regarding his employment with Defendant to Defendant's corporate human resources department, which will provide a neutral reference . . . consisting only of confirmation of [his] dates of employment and last position held." Agreement § 14. It is unclear whether this provision cabins Plaintiff's right to make truthful statements or whether it was included to

protect Plaintiff from any potential disparaging remarks by Defendant. The former is impermissible and the Court will not approve an agreement with such a restriction.

Accordingly, the parties' request for approval of the proposed settlement is DENIED without prejudice. The parties may proceed in one of the following ways:

1. File on the public docket a revised settlement agreement on or before **March 13, 2017** that includes a provision concerning how the funds will be allocated between Plaintiff and his counsel and further explains the relationship between the provisions in the non-disparagement section; or

2. File a joint letter on or before **March 13, 2017** that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set down a date for a pre-trial conference.

It is SO ORDERED.

Dated:   March 6, 2017
         New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.