USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 5-15-2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERROLL O. BAILEY-THOMAS,

                       Plaintiff,

– against –

U.S. SECURITY ASSOCIATES, INC., U.S. SECURITY ASSOCIATES AVIATION SERVICES, INC., BILL BUBENJECK, MARIA RIVERA, and BILL FLORES,

                       Defendants.

**OPINION AND ORDER**

16 Civ. 3560 (ER)

Ramos, D.J.:

      On February 7, 2017, the parties filed under seal an application for the Court to approve their agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and to dismiss the case with prejudice. On February 14, the Court denied their application and directed the parties to file the settlement agreement on the public docket. (Doc. 17). On February 28, the parties submitted a revised settlement agreement (Doc. 19), which the Court denied, directing the parties to indicate how the settlement funds would be allocated between Plaintiff and his counsel and to clarify provisions in the non-disparagement clause. (Doc. 20). On March 13, 2017, the parties submitted another revised settlement agreement, which the Court denied due to the inclusion of an improper release provision. (Docs. 21, 22). The parties filed a revised agreement on March 21, 2017 ("Revised Agreement"). The Revised Agreement provides that the settlement is for $12,000 total, with $7,000 payable to Plaintiff, and $5,000 payable to Plaintiff's counsel for attorneys' fees and costs. Agreement § 3.

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake*

*House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Felix v. Breakroom Burgers & Tacos*, No. 15 Civ. 3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

The parties have adequately justified the dollar amounts constituting the settlement here: Plaintiff worked for Defendant for approximately six months.  Though he claimed that Defendant had failed to pay him at least minimum wage for the hours he worked during the duration of his employment, during negotiations Plaintiff conceded that he was paid at least minimum wage at all times and that "he might have been owed overtime for two or three days, if any."  *See* Letter (Doc. 19, Ex. B).  The parties further claim that Plaintiff might be entitled to the statutory amount of $5,000 for alleged violations of the New York's Wage Theft Prevention Act and assert that Plaintiff's total liability and attorney's fees would amount to approximately $6,000 or $7,000.  Thus, Plaintiff's direct recovery of $7,000 is fair and reasonable.  The record also demonstrates that counsel have engaged in good faith and arm's length negotiations to arrive at this settlement, and there is no sign of fraud of collusion.  *See* Docs. 16, 18, 19, 21.  The time

sheets submitted by Plaintiff's counsel, totaling over $17,000 in billed hours, renders the $5,000 in attorneys' fees here a reasonable fee.  (Doc. 19, Ex. B).

The parties have also cured the Court's prior concerns regarding the allocation of attorneys' fees, the non-disparagement clause, and any improper release provisions.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. The Clerk of Court is respectfully directed to terminate the case.

It is SO ORDERED.

Dated:   May 15, 2017
         New York, New York

_____
Edgardo Ramos, U.S.D.J.